UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MARCEL CARSON,

**Plaintiff,**

-vs-

Case No:

Hon:

**LAMONT GIBSON and
CHRISTOPHER YOUNG,**

**Defendants.**
_____/

**DAVID A. BAJOREK (P39096)**
Attorney for Plaintiff
6715 Park Avenue
Allen Park, Michigan 48101
(313) 381-9701
bajorek@bajoreklawfirm.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff, STEVEN MARCEL CARSON, by and through his attorney, DAVID A. BAJOREK, respectfully submitting to this Honorable Court, as his Complaint versus Defendants, LAMONT GIBSON and CHRISTOPHER YOUNG, the following:

### INTRODUCTION

1. The above-named Plaintiff advances the within matter seeking redress, pursuant to 42 USC 1983, for Defendants' violation, while acting under color of state law, of certain federally protected rights, privileges and immunities of Plaintiff.

## **PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Steven Marcel Carson, is, and has been at all times pertinent hereto, an individual residing within the County of Wayne, State of Michigan.

3. Defendant, Lamont Gibson, is, and has been at all times pertinent hereto, a police officer employed by the City of Detroit, situated in the County of Wayne, State of Michigan.

4. Defendant, Christopher Young, is, and has been at all times pertinent hereto, a police officer employed by the City of Detroit, situated in the County of Wayne, State of Michigan.

5. The within matter arises out of conduct and occurrences of March 13, 2023, within the City of Detroit, County of Wayne, State of Michigan.

6. This Honorable Court has subject matter jurisdiction of the within matter, as Plaintiff's claim, brought pursuant to 42 USC 1983, is a " … civil action arising under the Constitution, laws or treaties of the United States …" and, therefore, raises a "federal question" as provided in 28 USC 1331 and is further " … a civil action authorized by law to be commenced … to recover damages … or other relief under any Act of Congress providing for the protection of civil rights …", as provided for in 28 USC 1343.

7. Venue is proper as " … a substantial part of the events or omissions giving rise to the claim … " occurred within this Honorable Court's judicial district.

## GENERAL ASSERTION OF FACTS

8. On March 13, 2023, Plaintiff, Steven Marcel Carson, (hereinafter referred to as "Plaintiff"), was the operator of a motor vehicle in the area of Grand River Avenue and 2nd Street, within the City of Detroit, County of Wayne, State of Michigan.

9. On March 13, 2023, Defendant, Lamont Gibson (hereinafter referred to as Defendant Gibson), and Defendant, Christopher Young (hereinafter referred to as Defendant Young), while on-duty as police officers (hereinafter, when appropriate, referred to as Defendant Officers) for the Defendant, City of Detroit, effectuated a "traffic stop" of Plaintiff and his vehicle in the area of Grand River Avenue and 2nd Street, in the City of Detroit, County of Wayne, State of Michigan.

10. Upon initiation of the "traffic stop", Defendant Officers ordered Plaintiff to exit his motor vehicle, physically seized Plaintiff, placed Plaintiff against the exterior of his vehicle, handcuffed and physically searched Plaintiff.

11. Defendant Officers then ordered Plaintiff into, and did confine Plaintiff in, the back of a police patrol vehicle.

12. Defendant Officers then transported Plaintiff to the City of Detroit Police Department Detention Center, where he was confined for several hours.

## COUNT – 1

### VIOLATION OF 4TH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE "SEIZURE" OF PERSON

13. U.S. Const. Amend. IV provides:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

      particularly describing the place to be searched, and the persons or things to be seized.

14. At all times pertinent hereto, Plaintiff, pursuant to U.S. Const. Amend. IV, enjoyed the constitutional right to be secure against unreasonable seizure of his person.

15. At the time of the Defendant Officers' seizure of the person of Plaintiff, no warrant had issued authorizing such seizure.

16. Defendant Officers' traffic stop and seizure of the person of Plaintiff was without a statutory and/or constitutionally permissible basis.

17. Defendant Officers' subsequent continued seizure, transportation and confinement of the person of Plaintiff was without a statutory and/or constitutionally permissible basis.

18. Defendant Officers' seizure, search, transportation and confinement of the person of Plaintiff was unreasonable.

19. Defendant Officers' seizure, search, transportation and confinement of the person of Plaintiff was without the consent of Plaintiff.

20. Defendant Officers' seizure, search, transportation and confinement of the person of Plaintiff was malicious, oppressive and/or in reckless disregard for the constitutional rights of Plaintiff.

21. Defendant Officers' seizure, search, transportation and confinement of the person of Plaintiff was accompanied by ill will, spite and/or for the purpose of injuring or otherwise depriving Plaintiff of his constitutional rights.

22. Defendant Officers' seizure, search, transportation and confinement of the person of Plaintiff was with complete indifference to the constitutional rights of Plaintiff.

23. Defendant Officers' seizure, search, transportation and confinement of the person of the Plaintiff constitutes a blatant misuse and/or abuse of the authority or power of their office.

24. The aforementioned constitutional right is so clearly established that a reasonable police officer would know that the conduct of Defendant Officers as asserted herein, constitutes a violation of that constitutional right.

25. The aforementioned constitutional right is so clearly established that Defendant Officers did know that their conduct, as asserted herein, constitutes a violation of that constitutional right.

26. As a direct and proximate result of Defendant Officers' violation of the aforementioned constitutional right, Plaintiff suffered damages, losses and injuries including but not limited to the following:

> deprivation of valued and sacred constitutional rights and protections;
> extreme physical pain and suffering;
> extreme emotional distress and mental anguish;
> extreme humiliation and embarrassment;
> defamation and impairment of reputation;
> loss of sleep, depression and associated mental health disorder;
> physical ailment and illness;
> financial losses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Steven Marcel Carson, by and through his attorney, David A. Bajorek, respectfully prays that this Honorable Court enter Judgment in favor of Plaintiff, Steven Marcel Carson, and against Defendants, Lamont Gibson and Christopher Young, in whatever amount he is found to be entitled to, as compensatory damages, punitive damages, costs, interest and attorney fees.

Respectfully Submitted,

_____                         _____
DAVID A. BAJOREK (P39096)                                Date
Attorney for Plaintiffs
6715 Park Avenue
Allen Park, Michigan 48101
(313) 381-9701
bajorek@bajoreklawfirm.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MARCEL CARSON,

**Plaintiff,**

-vs-

**Case No:**

**Hon:**

**LAMONT GIBSON and**
**CHRISTOPHER YOUNG,**

**Defendants.**
_____/

**DAVID A. BAJOREK (P39096)**
Attorney for Plaintiff
6715 Park Avenue
Allen Park, Michigan 48101
(313) 381-9701
bajorek@bajoreklawfirm.com
_____/

## DEMAND FOR TRIAL BY JURY

**NOW COME,** the Plaintiff, Steven Marcel Carson, by and through his attorney, David A. Bajorek, respectfully requesting a "Jury Trial" of all factual issues raised in the within matter.

Respectfully Submitted,

_____          _____
**DAVID A. BAJOREK (P39096)**          Date
Attorney for Plaintiffs
6715 Park Avenue
Allen Park, Michigan 48101
(313) 381-9701
bajorek@bajoreklawfirm.com